IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONTRACTORS, LABORERS, TEAMSTERS & ENGINEERS HEALTH AND WELFARE PLAN; CONTRACTORS, LABORERS, TEAMSTERS & ENGINEERS PENSION PLAN; and INTERNATIONAL UNION OF LOCAL 571 OPERATING ENGINEERS, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, and JAMES KILLIPS as Trustee for M & S GRADING, INC., <br><br> Defendants. | 8:10CV271 <br><br> BK. 02-81632 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on plaintiffs' appeal from the bankruptcy court. Filing No. 1. Plaintiffs appeal the order granting defendants summary judgment, Bankruptcy Filing Nos. 59 and 60. Plaintiffs elected to have the appeal heard by this court. Filing No. 2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 158(a) and 1334(a). Plaintiffs contend that the bankruptcy court committed numerous errors and should be reversed, and they filed a motion asking this court to grant an interlocutory appeal, pursuant to 28 U.S.C. § 158(a)(3). Filing No. 5. This court granted the motion to allow the interlocutory appeal. Filing No. 7.

The court reviews the grant of summary judgment de novo. *State Farm Mut. Auto. Ins. Co. v. Shahan*, 141 F.3d 819, 821 (8th Cir. 1998); *Midwest Oilseeds, Inc. v. Limagrain Genetics Corp.*, 387 F.3d 705, 710-11 (8th Cir.2004). This court must affirm if the evidence demonstrates no issue of material fact exists and that the moving party is entitled

to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986); *Davis v. Hall*, 375 F.3d 703, 711 (8th Cir. 2004).

This is an adversary proceeding filed in bankruptcy court. Plaintiffs sued the Internal Revenue Service ("IRS") and the bankruptcy trustee. The debtor, an extraction company in Omaha, Nebraska, filed for Chapter 11 in 2002. Plaintiffs are the multi-employer plans. They provided health, pension and welfare benefits to the employees of the debtor. In 2005, the debtor ceased operations. At that time the bankruptcy case was converted to a Chapter 7. Thereafter, the stay was lifted and secured creditor First National Bank of Omaha ("FNBO") received nearly all of the debtor's assets under its security interest. The debtor failed to pay $100,000 in contribution payments and to deposit nearly $1,000,000 in payroll taxes owed to the IRS. As a result, the plaintiffs filed an adversary proceeding against the IRS and the bankruptcy trustee.

The government and the plaintiffs filed cross-motions for summary judgment. The plaintiffs claimed counsel for the IRS had a fiduciary duty to the employees to collect the taxes withheld from the employees' paychecks before the funds were taken by FNBO. They base this argument on a 2002 Stipulation ("Stipulation") between the debtor, FNBO, and the IRS, which plaintiffs allege that under the Stipulation they are third-party beneficiaries. The Stipulation required the IRS, the debtor and the Bank to set aside the workers' payroll taxes collected from their earnings and put them into a special account for the IRS. The plaintiffs claim the IRS had a fiduciary duty to collect these payroll taxes from the debtor. The 2002 Stipulation required the debtor to file all of its federal tax returns and pay its federal taxes into a special FNBO account. Under the Stipulation, the debtor was not allowed to place its tax funds into any other account, and FNBO waived its security

interest and right of setoff as to any taxes deposited in this account.  The Stipulation was approved by the bankruptcy court in 2002.

In this regard plaintiffs argue that there is a controlling question of non-bankruptcy law involving a new case from the Nebraska Supreme Court, *Perez v. Stern*, 777 N.W.2d 545 (Neb. 2010).  Under *Perez*, argue plaintiffs, this court must decide "whether the Plaintiffs are third party beneficiaries of the July 26 Stipulation and Order signed by the debtor in possession, the IRS, and the FNBO which required the IRS and the FNBO to make sure the men's tax withholdings were not diverted to the debtors purposes but were used to pay taxes."  Filing No. 5, at Page ID # 180-181.

The bankruptcy court found that the plaintiffs failed to offer any authority to support their position.  The bankruptcy court further found that *Perez* was not relevant to this case and that there was nothing to support the argument that *Perez* applied to government attorneys.  Further, in the alternative, the bankruptcy court determined that even if *Perez* applied, any duty on the part of counsel for the IRS did not extend to the plaintiffs.  In addition, the bankruptcy court found that the 2002 Stipulation created no duty on the part of the IRS counsel to make sure that the payroll taxes of the debtor were paid.

An adversary complaint was filed in this case on September 18, 2009.  Plaintiffs argue that the government attorney breached a fiduciary duty constituting affirmative misconduct which should allow equitable subordination, since the attorney failed in his duty to the taxpayers/employees for not timely enforcing the 2002 Stipulation with the debtor.  There is, urge plaintiffs, an unresolved legal issue regarding whether the IRS is subject to equitable estoppel and, if so, how it might impact recovery of monies from FNBO.

Bankruptcy Judge Timothy Mahoney analyzed the *Perez* case and determined that the government owed no duty to the employees.  Therefore, equitable subordination did

not apply. The bankruptcy court determined that (1) *Perez* did not apply because the only basis for the duty was foreseeability of harm, and there was no duty on the part of the IRS to act for the employees; (2) *Perez* did not apply because the interest of the plans and the IRS are now adverse; and (3) *Perez* did not apply because there is a potential conflict between the government's attorney's client, the IRS, and the plaintiffs.

Plaintiffs disagree with these determinations, arguing the bankruptcy judge is wrong. First, the plaintiffs argue that it is the statutory duty of the IRS to collect the taxes, and such taxes must be taken from the paychecks. 26 U.S.C. §§ 6301, 6672, and 7433. Further, argue plaintiffs, a private suit can be maintained against the United States by the taxpayer, if an IRS employee negligently disregards a provision of the Internal Revenue Code. 26 U.S.C. § 7433.

Second, plaintiffs argue that at the time of "defalcation" in the collection of the taxes, the IRS and the taxpayers were not adverse when the money should have been paid into an account at First National Bank. Third, plaintiffs contend that there was not critical conflict between them and the IRS at the time of the breach of fiduciary duty.

*Perez*, argue plaintiffs, looks at six factors to determine if the plaintiffs, a third party, could be a beneficiary under the July 26, 2002, Stipulation. The first factor is the extent to which the transaction was intended to affect the third-party plaintiff. Plaintiffs argue that the money withheld from the employees' checks should have been collected pursuant to the July 26, 2002. Stipulation. Second, under *Perez*, the harm must be foreseeable. Plaintiffs argue that the harm was foreseeable, since the tax money went to pay creditors, in violation of the Stipulation. Third, there must be injury. In this case plaintiffs argue that they lost $1,000,000 that should have gone to pay their taxes. Fourth, under *Perez* there must be a degree of certainty regarding the injury. Here, argue plaintiffs, the IRS attorney

had a court-ordered Stipulation that he should have enforced. Fifth, *Perez* talks about a policy to prevent future harm. Plaintiffs assert that if the IRS is held liable they will police their negligent attorneys' actions. And sixth, under *Perez* the court analyzed where imposition of liability would impose an undue burden on the legal profession. *Perez*, 777 N.W.2d at 550-51. Plaintiffs argue that enforcement of federal statutes that require collection of taxes is not an undue burden. Plaintiffs contend that *Perez* is applicable and that the IRS attorney owes an independent and fiduciary duty to enforce the July 26, 2002, Stipulation, Plaintiffs ask this court to find that the IRS claim for taxes as an administrative expense be subordinated to the plaintiffs' claim for administrative expenses.

The government argues that *Perez* does not apply and that this court should affirm the bankruptcy court's grant of summary judgment. The government argues that the plaintiffs are not intended beneficiaries of IRS counsel services; that there was no agreement that the IRS counsel would protect against competing creditors; that the IRS and the plaintiffs are adverse parties; that the IRS owes no duty to the plaintiffs to collect taxes from third parties; that a duty to the plaintiffs would conflict with the IRS counsel's duty to the IRS; and that the policy considerations discussed in *Perez* weigh against imposing any such duty on the IRS counsel.

The court notes that *Perez* dealt with a malpractice professional negligence action. The case was filed by a decedent's wife and children against a private attorney for damages. The court finds that the plaintiffs in this case are unduly attempting to extend the scope of *Perez* by arguing that this case stands for the proposition that it should be applied to a government attorney. *Perez* does not stand for the proposition that a

government attorney owes a fiduciary duty to protect the interests of the third party. The court agrees with the bankruptcy court that *Perez* is inapplicable in this case.

However, even if *Perez* applied, the court likewise concludes that it does not support plaintiffs' arguments. First, there has been no showing that the plaintiffs were intended beneficiaries of the IRS counsel's services. There is no showing that the IRS had a specific duty to collect the payroll taxes. Likewise 26 U.S.C. §§ 6301, 6672, and 7433 create no affirmative duty on the part of the IRS to collect the payroll taxes on behalf of the taxpayer. Additionally, the court agrees that the IRS could have conflicting duties, if it also had a duty to the plaintiffs in this case. And finally, the court agrees with the government that a court-imposed policy declaring that a government attorney for the IRS has a duty to collect taxes for the plaintiffs herein would broaden the duties of said attorneys, and Congress has not imposed such a duty. This court declines to do so also.

The court finds the bankruptcy court's grant of summary judgment is supported by the law and the facts and, consequently, the court will affirm the bankruptcy judge.

THEREFORE, IT IS ORDERED:

1. The interlocutory appeal, Filing No. 1, is overruled.

2. The ruling of the bankruptcy judge granting summary judgment against the plaintiffs and in favor of the defendants is affirmed.

3. This case is remanded to the bankruptcy court for further disposition.

DATED this 10th day of March, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

7